Charles Booker, Administrator of the Estate of Lillie Mae Booker, Plaintiff-Appellee, v. United Savings and Loan Association, an Illinois Corporation, Defendant-Appellant.

Gen. No. 49,099.

First District, Second Division.

May 5, 1964.

Abrams, Linn & Ness, Thompson & Lewin, all of Chicago (David Linn and Richard A. Lewin, of counsel), for appellant.

Irving Birnbaum, of Chicago (Sidney Z. Karasik, of counsel), for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

Charles Booker, administrator of the estate of Lillie Mae Booker, brought suit to recover damages for her wrongful death, allegedly due to the negligence of defendant in failing to maintain a gas space heater in a reasonably safe condition. Plaintiff alleged that decedent died from injuries sustained when her hair and nightgown caught fire from an unshielded lighted heater. Trial by jury resulted in a verdict for plaintiff for $8500, upon which the court entered judgment; defendant appeals.

The salient facts disclose that the apartment building located at 3836 South Ellis Avenue in Chicago, Illinois, where the accident occurred, was under the control of and operated by defendant. On the first floor there were four separate apartments, all having access to the single bathroom placed at the rear of that floor. The bathroom contained a bathtub, a commode, a washbowl, and a gas space heater. At the time of the occurrence here under consideration there were about ten people occupying the four apartments on the first floor. Christine Booker lived in one of the apartments, and in the latter part of March 1954, when

she was ill, decedent went to the patient's apartment to care for her. Early in the morning of March 21, 1954 decedent went to the bathroom, and a few minutes after she had entered it she ran out screaming that she had caught fire from the bathroom heater; her hair and nightgown were on fire. Charles Moore, living in one of the rooms in Christine Booker's apartment, wrapped decedent in a blanket and took her to a hospital, where she died a few days later.

The bathroom space heater, about a foot high and two and one-half feet long, was placed on the floor about ten inches from the door; it had been there since 1946. It was connected to a gas pipe and was turned on and off by a control valve which was accessible to everyone. The flame area of the heater in the front and on the sides had no protective shield; Charles Moore testified that when he returned from the hospital, about an hour after the accident, he examined the heater and "saw that the flames were high above the top of the stove . . . ." The space heater provided the only source of heat in the bathroom.

■ Defendant argues that the court should have directed a verdict in its favor or, in the alternative, should have entered judgment notwithstanding the verdict. Its counsel take the position that the pleadings were fatally defective. The complaint charged general negligence but failed to allege that plaintiff's intestate was in the exercise of due care for her own safety. However, pending appeal, plaintiff moved to amend the pleadings to conform to the proofs, and the motion was taken with the case. It appears from the record and the affidavit filed in support of the motion that plaintiff's counsel adduced evidence of the habits of due care of deceased and argued the question of due care to the jury, and that both plaintiff and defendant offered instructions on due care

248

which the jury considered. Under the circumstances we are allowing the motion to amend the amended complaint by adding to paragraph 3 thereof the following sentence: "At the time of the occurrence the Plaintiff's intestate was in the exercise of due care for her own safety and the safety of others in that regard."

■ There were no eyewitnesses to the accident, but Moore's testimony with respect to the heater was relevant and significant. It became a question of fact for the jury to decide whether defendant was negligent in so maintaining a gas heater operated by some ten tenants. To be sure, the evidence was circumstantial, but a verdict may be based upon proof of such facts and circumstances as would, according to the usual and common experience of mankind, raise inferences of such other facts and circumstances as would warrant a jury to return a verdict similar to the one here under attack. Devine v. Delano, 272 Ill 166, 179–80, 111 NE 742 (1916). Likewise in point are Robinson v. Workman, 9 Ill2d 420, 427–28, 137 NE2d 804 (1956); Lindroth v. Walgreen Co., 407 Ill 121, 131–35, 94 NE2d 847 (1950); and Olsen v. Pigott, 39 Ill App2d 191, 200–01, 188 NE2d 361 (1963). We think that the verdict and judgment finding defendant guilty of negligence were supported by the record.

■ The only other ground urged for reversal relates to damages. Defendant complains of Instruction No. 4 tendered by plaintiff and given by the court. In determining pecuniary injuries the jury was told that it might "consider what benefits of pecuniary value, including money, goods and services the decedent would have contributed to the widower and next of kin, had she lived," and one of the factors concerning decedent that the jury was instructed to bear in mind was "what instruction, moral training, and superintendence of education she might reasonably have

249

given her children had she lived . . . ." The evidence shows that decedent was survived by her husband and seven children, the youngest of whom was twenty-three years old. Thus, all the Booker children were adults. Defendant's counsel say that they have not been able to find any case where this instruction has been given in a like situation, and that such an instruction is proper only where there are minor children surviving; and that in such event there must be evidence on which to base such an instruction. We are in accord with the contention that no consideration should have been given to decedent's moral or educational influence on her adult children, and that this part of Instruction No. 4 should not have been given. However, in this case there had been a prior verdict and judgment of $20,000 which had been set aside, and a new trial granted. The verdict upon which the judgment here was entered was not excessive, and defendant does not challenge it as such. Accordingly, we are of the opinion that the error was harmless and does not constitute sufficient grounds for reversal where, as we think, substantial justice has been done.

For the reasons indicated, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

BURKE, P. J. and BRYANT, J., concur.